UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 OCT 31 AM 11:47

BY _____
CLERK
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:24-cr-00100-1 |
| ) | |
| JEREMY BROWN, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF FORFEITURE FOR MONEY JUDGMENT

WHEREAS, on September 13, 2024, Nikolas P. Kerest, the United States Attorney for the District of Vermont, charged the defendant, JEREMY BROWN (hereinafter "BROWN"), in an Information, with one count of introducing or causing the introduction of unapproved new drugs into interstate commerce with the intent to defraud or mislead, in violation of 21 U.S.C. § 331(d).

AND WHEREAS, the Information included a Forfeiture Notice, pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 24, 21 U.S.C. § 334, and 28 U.S.C. § 2461(c), that the United States of America (hereinafter "the United States") would seek forfeiture of any property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the commission of the offense, as a result of a violation of 21 U.S.C. § 331(d).

AND WHEREAS, on October 17, 2024, BROWN pleaded guilty to Count One of the Information charging him with, introducing or causing the introduction of unapproved new drugs into interstate commerce with the intent to defraud or mislead, in violation of 21 U.S.C. § 331(d).

AND WHEREAS, pursuant to his guilty plea and the Plea Agreement, BROWN stipulated and agreed to a forfeiture money judgment in the amount of $100,000.00.

AND WHEREAS, Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure authorizes

the entry of an Order of Forfeiture in the form of a forfeiture money judgment.

AND WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. BROWN shall forfeit to the United States $100,000.00, pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 24, 21 U.S.C. § 334, and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, to amend this Order to include substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), any discovery to identify, locate, or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against BROWN.

Dated at Burlington, in the District of Vermont, October 31st, 2024.

HON. CHRISTINA REISS
Chief United States District Judge