UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEREMY BROWN,<br>        Defendant. | Docket No. 24-CR-100 |

GOVERNMENT'S SENTENCING MEMORANDUM

NOW COMES the United States of America, by and through its attorney, Michael P. Drescher, Acting United States Attorney for the District of Vermont, and submits the following memorandum to assist the Court in the sentencing of Defendant Jeremy Brown. On September 19, 2024, the defendant was arraigned on and pleaded guilty to an Information, which charged him with the introduction of unapproved drugs into interstate commerce with intent to defraud or mislead, in violation of 21 U.S.C. §§ 331(d), 333(a)(2), and 355(a). The defendant's sentencing is scheduled for February 3, 2025. The government respectfully requests that the Court honor the parties' agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that the appropriate term of imprisonment the Court should impose is time served.

A.    Factual Background

The parties do not dispute the offense conduct set forth in the Presentence Investigation Report ("PSR"), as it recites the stipulated facts included in Paragraph 4 of the Plea Agreement (ECF No. 2), which the government incorporates by reference here. In the Plea Agreement, the defendant agreed to pay a $100,000 forfeiture money judgment. It is the government's understanding that the defendant has already submitted a check for the full amount of the forfeiture money judgment and that he also has submitted a check for the $100 special assessment.

B.      Sentencing Guidelines

The government submits that the Probation Department correctly calculated the defendant's United States Sentencing Guidelines ("USSG" or the "Guidelines") range in the PSR. Specifically, the PSR recommends a total offense level of 17 under the Guidelines, which is premised on a base offense level of 6 (pursuant to USSG§§2N2.1(c)(1), 2B1.1(a)(2)), a 14-level enhancement for a loss amount between $550,000 and not more than $1,500,000 (pursuant to USSG §2B1.1(b)(1)(H)), a two-level enhancement for mass-marketing through the defendant's website (pursuant to USSG §2B1.1(b)(2)(A)(ii)), a three-level reduction for timely acceptance of responsibility (pursuant to USSG §3E1.1(a)-(b)), and a two-level reduction for being a Zero-Point Offender (pursuant to USSG §4C1.1(a), (b)). PSR ¶¶ 38-49.

Based on the defendant's criminal history, the PSR correctly found him to qualify as a criminal history category I. PSR ¶¶ 51-55.

Accordingly, the PSR concluded that the defendant faces a Guidelines range of 24 to 30 months' imprisonment. PSR ¶ 84.

C.      Section 3553(a) Factors

The nature and circumstances of the offense demonstrate that the defendant engaged in significant and harmful conduct. *See* 18 U.S.C. § 3553(a)(1).

From March 2019 until December 2023, with the intent to defraud, the defendant sold unapproved versions of prescription drugs from readily accessible websites for his personal profit. PSR ¶¶ 6-16, 31. The defendant obtained the bulk of the drugs he sold through his websites from China. The defendant did not ask his suppliers about the shipping or storage conditions of the drugs he obtained from them, nor did he use a laboratory or other method to verify the contents of the drugs he received. PSR ¶ 17.

Despite having received a warning letter from the FDA on June 12, 2023, the defendant persisted in his illegal conduct. PSR ¶¶ 18-27. From August 2023 through early December 2023, the defendant sold unapproved versions of prescription drugs to an FDA undercover account in Vermont. PSR ¶ 28. FDA laboratories tested these drugs obtained from the defendant. Many tested positive for substances not listed on the labels, and some were found not to contain any of the ingredients listed on those labels. PSR ¶ 30. Between March 2019 and December 2023, the defendant received at least $1,183,985.60 from his sales of unapproved drugs through his websites. PSR ¶ 31.

The history and characteristics of the defendant demonstrate that he has no prior criminal record. *See* 18 U.S.C. § 3553(a)(1). Further, the defendant does not seek to make excuses or escape blame for his illegal conduct. In his letter to the Court, the defendant has accepted full responsibility for his actions, which he admits have filled him with shame and regret. The defendant appears ready to change the course of his life in response to this criminal matter.

D.      Conclusion

Accordingly, the government respectfully requests that the Court impose a sentence that reflects the above as well as the remaining applicable factors in 18 U.S.C. § 3553, specifically, a sentence of time served, pursuant to the parties' agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Dated at Burlington, in the District of Vermont, January 24, 2025.

                                      Respectfully submitted,

                                      UNITED STATES OF AMERICA

                                      MICHAEL P. DRESCHER
                                      Acting United States Attorney

By:   */s/ Andrew C. Gilman*
        Andrew C. Gilman
        Assistant United States Attorney
        P.O. Box 570
        Burlington, VT 05402-0570
        (802) 951-6725
        Andrew.Gilman2@usdoj.gov